UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Crystal Morris, | CIVIL ACTION |
| Plaintiff, | NO: |
| vs. | COMPLAINT AND JURY DEMAND |
| Toll Bros., Inc, and TIS Logistics, Inc. | |
| Defendant. | |

The Plaintiff, Crystal Morris, through her attorney, Thaddeus P. Mikulski, Jr., for her Complaint against the Defendants, Toll Bros., Inc., and TIS Logistics, Inc. (hereinafter collectively "Toll") states:

**Jurisdiction and Venue**

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this civil action arises under the laws of the United States. Plaintiff alleges a violation of her rights under Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. §§2000e, *et seq.*, as amended.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3). This claim arose in the Commonwealth of Pennsylvania, as the unlawful employment practices alleged herein were committed in the Commonwealth of Pennsylvania. In

addition, the employment records relevant to such unlawful practice are maintained and administered in the Commonwealth of Pennsylvania. Further, but for the alleged unlawful employment practices of Defendant, Plaintiff would still work in the Commonwealth of Pennsylvania.

## Parties

3. Plaintiff is a female citizen of the United States, residing at 414 Cedar Avenue, Croydon PA 19021.

4. Defendants, Toll Bros., Inc. and TIS Logistics, Inc. are corporations existing under the laws of the Commonwealth of Pennsylvania, with their principal offices located in Horsham, Pennsylvania. Upon information and belief, TIS Logistics, Inc. is a wholly owned subsidiary of Toll Bros., Inc. Defendants engage chiefly in the construction of new residential homes. At all times relevant hereto, Defendants were and have been employers engaged in an industry affecting commerce with fifteen or more employees for each working day in each of twenty or more calendar weeks in each relevant calendar year and meet the definition of "employer" set forth in 42 U.S.C. §2000e(b).

## Procedural Requirements

5. On or about April 15, 2015, Plaintiff timely filed a charge of discrimination that satisfied the requirement of 42 U.S.C. §2000e-5 with the Equal Employment Opportunity Commission ("EEOC"). Such charge was filed within three hundred (300) days

after one or more of the alleged unlawful employment practices in violation of 42 U.S.C. §2000-2 had occurred.

6. On or about October 2, 2015, the EEOC issued Plaintiff a Notice of Right to Sue, stating that Plaintiff could file a civil action under Title VII of the Civil Rights Act of 1964, as amended, within ninety (90) days from her receipt of the Notice. Plaintiff received a copy of the Notice of Right to Sue on or about October 5, 2015. Plaintiff files this Complaint within ninety (90) days after the date on which she received the Notice of Right to Sue.

## COUNT ONE

### (HOSTILE WORK ENVIRONMENT)

7. In October 2013, Plaintiff commenced her employment with Toll and remained in their employ until Toll terminated her employment on October 1, 2014.

8. During the course of her employment, Plaintiff held the position of Logistics Assistant and at all times maintained a satisfactory job performance rating.

9. During the course of her employment with Toll, Plaintiff was subjected to invidious sexual harassment and unlawful retaliation for her complaints of sexual harassment.

10. On or about June 20, 2014 a co-worker of Plaintiff, "S.T." exposed his genitals to Plaintiff. Plaintiff immediately complained to her supervisor, Andrew Shaffer, who asked

Plaintiff if she desired to file a complaint because he would have to report the matter to the Department of Human Resources and "there was too much paperwork" involved.

11. Plaintiff filed a complaint of unlawful sexual harassment with the Toll Department of Human Resources concerning the unwanted sexual harassment to which she had been subjected by her coworker.

12. Toll investigated the complaint of Plaintiff and negligently failed to impose appropriate discipline against Plaintiff's co-worker. After Toll investigated Plaintiff's complaint of unlawful harassment, Plaintiff's supervisor, Andrew Shaffer, retaliated against her by micromanaging her work conduct and criticizing and disciplining her for perceived minor or fabricated infractions. Plaintiff complained about this conduct to manager Jay Rotundo, who told Plaintiff that she should work out her issues with Andrew Shaffer.

13. On or about July 31, 2014 Plaintiff complained to Jay Rotondo about Andrew Shaffer's continued mistreatment of her, including the manner in which he treated her differently than her male co-workers. Plaintiff informed Jay Rotondo that Andrew Shaffer engaged in such acts as screaming and cursing at her, putting his hands in her face and kicking doors and breaking objects in her presence. Jay Rotondo stated that perhaps Plaintiff's position was "not fit for a woman". Om August 1,

2014, Plaintiff confronted Andrew Shafer about his different treatment of her as compared to her male co-workers. Andrew Shaffer told Plaintiff that she "was too sensitive." When Plaintiff asked what he meant, he stated that when she got upset she cried and when her male coworkers get upset "they kick the door and go for a walk".

14. On or about August 21, 2014, Shaffer ran the finger of his hand on the inside of Plaintiff's thigh while she was discussing a matter with him in his office. Plaintiff told him not to ever engage in such conduct again. After Andrew Shaffer did not apologize for his actions, Plaintiff complained to Jay Rotondo about the inappropriate touching by Andrew Shaffer.

15. Thereafter Andrew Shaffer continued his course of harassing conduct towards her. On or about September 19, 2014 Plaintiff asked Andrew Shaffer why he acted so hostile towards her. He responded that because she had broken the chain of command with her complaint, he now had to "cover (his) own ass to keep "(his) job.

16. Plaintiff was subjected to unwelcome verbal and physical conduct on account of her gender which course of conduct was aided and abetted by Toll management. This conduct was severe or pervasive enough to cause a reasonable person to believe that the terms and conditions of his employment had been altered, and her working environment was hostile and abusive.

17. The severe and pervasive misconduct and the pattern and practice of harassment and conduct, of which it was a part, seriously affected the working conditions of the Plaintiff's employment.

18. As a result of the acts of the Defendant, the Plaintiff was required to endure a work environment hostile to her, created and condoned by the Defendant.

19. The severe and pervasive conduct and misconduct of Toll and its employees and managers constitute unlawful harassment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 and 1991.

20. As a direct and proximate result of the foregoing, the Plaintiff has suffered economic injury, humiliation, anguish, embarrassment, emotional and mental distress and other damages.

21. The wrongful conduct of Defendants warrants an award of punitive damages.

   **WHEREFORE**, Plaintiff, Crystal Morris, respectfully requests that this Honorable Court enter an order providing the following:

   a. That Plaintiff recover from Defendants back pay with interest, front pay, compensatory damages and such other monetary relief the Court deems just;

 b. That Plaintiff recovers from Defendants her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

 c. That the Court grants such other relief, including equitable and injunctive relief, as it deems just and proper.

## COUNT TWO

### (WRONGFUL TERMINATION)

22. Plaintiff, Crystal Morris, repeats the allegations of Paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff complained about the discriminatory conduct To which she was subjected to Toll's managers. Not only did Defendants 'management fail to appropriately respond to Plaintiff's complaints of harassment, but Toll's managers retaliated against Plaintiff for her complaints of discrimination.

24. Toll terminated Plaintiff from her position on October 1, 2014 in retaliation for her complaints about sexual harassment against her in the workplace and on account of her gender.

25. Toll's termination of Plaintiff's employment constitutes a violation of Title VII of the Civil Rights Act of 1964 and 1991, as a direct and proximate result of which the Plaintiff has suffered economic injury, humiliation, anguish, embarrassment, emotional and mental distress and otherdamages.

26. The wrongful conduct of Defendants warrants an award of punitive damages.

**WHEREFORE**, Plaintiff, Crystal Morris, respectfully requests that this Honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendants back pay with interest, front pay, compensatory damages and such other monetary relief the Court deems just;

b. That Plaintiff recovers from Defendants her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law;

c. That the Court grants such other relief, including equitable and injunctive relief, as it deems just and proper.

**JURY TRIAL**

Plaintiff demands a jury trial.

Dated: January 4, 2016    /s/ Thaddeus P. Mikulski, Jr.  TPM 5593

Thaddeus P. Mikulski, Jr.
116 Washington Crossing Road
Pennington NJ 08534
609.303.0222
609.303.0956
tpm@mikulskilaw.net

Attorney for Plaintiff,
Crystal Morris

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Crystal Morris

**DEFENDANTS**
Toll Bros., Inc. and TIS Logistics, Inc.

(b) County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Thaddeus P. Mikulski, Jr.
116 Washington Crossing Road
Pennington NJ 08534

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§2000e, et seq.,
Brief description of cause:
Wrongful termination on basis of gender and retaliation, hostile work environment claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/04/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _CRYSTAL MORRIS 414 CEDAR AVE CROYDON PA 19021_

Address of Defendant: _TOLL BROS INC 250 GIBRALTAR RD HORSHAM PA 19044_
_TIS LOGISTICS INC_

Place of Accident, Incident or Transaction: _MORRISVILLE, PA._
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                     Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/04/2016_   _[signature]_   _43389_
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

CRYSTAL MORRIS : CIVIL ACTION
v. :
TOCK BROS, INC AND :
TIS LOGISTICS INC : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

1/4/16   THADDEUS P. MIKULSKI JR    [signature]
**Date**    **Attorney-at-law**    **Attorney for** PLAINTIFF

609-303-0222    609-303-0956    tpm@mikulskilaw.net
**Telephone**    **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02